**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAMARR ROWELL, | No. 13-17031 |
| Petitioner - Appellant, | D.C. No. 3:10-cv-00135-LRH-VPC |
| v. | |
| JACK PALMER; NEVADA ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 11, 2015
San Francisco California

Before: McKEOWN, MURGUIA, and FRIEDLAND, Circuit Judges.

Lamarr Rowell brings this petition for habeas corpus alleging that Nevada

police violated the Fourth Amendment in connection with his 2007 arrest and

conviction for burglary and grand larceny. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§§ 1291, 2253, and we affirm the district court's denial of Rowell's habeas petition.

Even assuming *Stone v. Powell*, 428 U.S. 465 (1976), and *Tollett v. Henderson*, 411 U.S. 258 (1973), do not bar federal habeas review of Rowell's Fourth Amendment claim, Rowell's habeas petition must be denied because his constitutional right against unreasonable searches and searches was not violated.[1]

The Nevada Supreme Court did not reach the merits of Rowell's Fourth Amendment claim; rather, it dismissed the claim on procedural grounds. We therefore "look through" the state Supreme Court "to the last reasoned state court decision to address the claim at issue." *See Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) (en banc). Here, that decision came from the Nevada trial court, which held an evidentiary hearing on Rowell's Fourth Amendment claim and gave reasons for rejecting it. We will not disturb this determination unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

[1] Although Rowell previously asserted due process and ineffective assistance of counsel claims, only the Fourth Amendment issue is before us on appeal.

2

State court proceeding," § 2254(d)(2). *See Cannedy v. Adams*, 706 F.3d 1148, 1158 (9th Cir. 2013) (noting that "it is a common practice of the federal courts to examine the last reasoned state decision to determine whether a state-court decision is 'contrary to' or 'an unreasonable application of' clearly established federal law.").

The Nevada trial court's rejection of Rowell's Fourth Amendment claim was not unreasonable. Rowell argues that the State lacked probable cause to search his vehicle.[2] That is incorrect. As the Nevada trial court noted, police had probable cause to arrest Rowell based upon his failure, as an ex-convict, to register his current residence—a violation of Nevada law. *See* Nev. Rev. Stat. 179C.110 (requiring "convicted person" to notify law enforcement of change in address); *see Whren v. United States*, 517 U.S. 806, 819 (1996). Based upon that arrest, the State lawfully performed an inventory search of Rowell's vehicle. *See South Dakota v. Opperman*, 428 U.S. 364, 375–76 (1976). No Fourth Amendment violation occurred.

**AFFIRMED**.

---

[2] At oral argument, Rowell's counsel argued that the initial traffic stop violated the Fourth Amendment because it took too long and was therefore unreasonable. Rowell waived this argument, because he never made it to the Nevada state courts or in his briefing before this court. In any event, the record does not support Rowell's assertion.